United States District Court

Eastern District of California

| | |
|---|---|
| United States of America, | |
| Plaintiff, | No. Mag. 05-0311-PAN |
| vs. | Detention Order |
| Dimitri Alexeevich Bagramyan, | |
| Defendant. | |

-oOo-

A. <u>Order For Detention</u>

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B. <u>Statement Of Reasons For The Detention</u>

The Court orders the defendant's detention because it finds:

<u>  x  </u>   By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

<u>     </u>   By clear and convincing evidence that no condition or combination of conditions will reasonably assure

           the safety of any other person and the community.

C.    <u>Findings Of Fact</u>

    The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

  __x__      (1)  Nature and Circumstances of the offense charged.

          __x__    (a)  The crime. 18 USC 2, 1029, 1029.

          _____    (b)  The offense is a crime of violence.

          _____    (c)  The offense involves a narcotic.

          _____    (d)  The offense involves a large amount of controlled substances.

  __x__      (2)  The weight of the evidence against the defendant is high.

  __x__      (3)  The history and characteristics of the defendant including:

  _____    (a)  General Factors:

          _____    The defendant appears to have a mental condition which may affect whether the defendant will appear.

          _____    The defendant has no family ties in the area.

          _____    The defendant has no steady employment.

          _____    The defendant has no substantial financial resources.

          _____    The defendant is not a long time resident of the community.

          _____    The defendant does not have any significant community ties.

          __x__    Past conduct of the defendant: Use of two aliases and one false SSN; declined PTS interview.

       \_\_\_\_\_    The defendant has a history relating to drug abuse.

       \_\_\_\_\_    The defendant has a significant prior criminal record.

       __x__    The defendant has a prior record of failure to appear at court proceedings.

   (b)   Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:

       __x__    Probation.

       \_\_\_\_\_    Parole.

       \_\_\_\_\_    Release pending trial, sentence, appeal or completion of sentence.

   (c)   Other Factors

       \_\_\_\_\_    The defendant is an illegal alien and is subject to deportation.

       \_\_\_\_\_    The defendant is a legal alien and will be subject to deportation if convicted.

       \_\_\_\_\_    Other:

\_\_\_\_\_    (4)   <u>Rebuttable Presumptions</u>

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

    \_\_\_\_\_    (a)   (1) The crime charged is one described in § 3142(f)(1)

          \_\_\_\_\_    (A) a crime of violence; or

          \_\_\_\_\_    (B) an offense for which the maximum penalty is life imprisonment or death; or

          \_\_\_\_\_    (C) a controlled substance violation that has a maximum penalty of ten

years or more; or

    \_\_\_\_\_    (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above <u>and</u>

  (2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above <u>and</u>

  (3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial <u>and</u>

  (4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

\_\_\_\_\_ (b) There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

    \_\_\_\_\_ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,

    \_\_\_\_\_ the Controlled Substances Act , 21 U.S.C. §§ 951, et seq.,

    \_\_\_\_\_ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or

    \_\_\_\_\_ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

    \_\_\_\_\_ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

D. <u>Additional Directives</u>

    Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

    The defendant be committed to the custody of the Attorney

4

General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    That, on order of a court of the United States, or request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    Dated: October 27, 2005

                                            /s/ Peter A. Nowinski
                                              Peter A. Nowinski
                                              Magistrate Judge